May it please the Court, I am George Boissot, I represent Mr. Hong Ai Lai in the Interlocutory Appeal before this Court. In this case, the issue is whether or not the first indictment, the Northern District Court indictment, precluded the Eastern District subsequent indictment. So it's a successive double jeopardy challenge. The racketeering substantive count and the carried the overt act of the overall Hobbs Act conspiracy, which included all the activity that was charged in the Eastern District. And it's our contention that by virtue that Mr. Lee was forced to go to trial in the Northern District on both the RICO substantive count and the RICO conspiracy, that that was the prosecution that precludes the Eastern District. Now, the ---- Is it the fact of the RICO substantive and or RICO conspiracy charge that causes the problem, or is it the fact that there was an overt, that there was a predicate act to the, to both counts that causes the double jeopardy problem, in your view? In my view, Your Honor, it would be the latter. It's the fact that the overall Hobbs Act robberies, and that was charged as the first overt act in the substantive count, which is also included in the racketeering conspiracy counts, that is what precludes the prosecution in the Eastern District. But you see, the problem is he wasn't prosecuted for the Hobbs Act, the conspiracy to commit Hobbs Act robberies in San Francisco. He was prosecuted for a substantive or a conspiracy to violate RICO. Well, that is technically true, Your Honor, because the count ---- Well, why isn't it, why doesn't it substantively make a difference? Well, the difference would be is that if there was no overall Hobbs Act conspiracy count charged in any, against Mr. Lee, perhaps the government would have a better argument. But for reasons of pleading, and it's not totally clear from the government's response, why Mr. Lee wasn't charged with that, with count 3, because obviously that count 3 of the Northern District indictment charged an overall Hobbs Act conspiracy, which included Mr. Vandee and others known to the grand jury and unknown. But he wasn't. He wasn't. But that's, that is the same overall Hobbs Act conspiracy that was charged in overt Act 1 of the substantive count and incorporated by reference in the racketeering conspiracy. So he actually, he was tried for that. Well, yeah, I mean, as a predicate act to the RICO conspiracy or RICO substantive count. But isn't that different? Well, if you didn't, if the jury didn't have to find predicate acts true, but they do have to find predicate acts true. They have to find, at least in the substantive count, at least two, two acts and they have to unanimously agree. So it's all in the notion that you can be successively prosecuted for a RICO conspiracy or substantive violation and for a predicate act. Generally, that's true. Generally, I concede that's generally true if you have, you know, the predicate acts to be charged separately in different districts. But this is an unusual case where the predicate acts are overall Hobbs Act conspiracies, and they're tried in the Northern District. Evidence is introduced in the Northern District regarding the overall Hobbs Act conspiracy. So this is the difference. Well, the difference would be that if the government can charge in a RICO indictment the robbery of ABC Jewelry Store, no conspiracy, just a flat-out act as a predicate act to RICO, obtain a conviction, and then under our case law proceed with a substantive count, Hobbs Act or otherwise, for that very same event, what's the difference between that and a conspiracy? Well, the difference would be that you are taking one conspiracy count and breaking it up into multiple conspiracies. In this particular case, the overall Hobbs Act conspiracy is charged in the Northern District, and it's the count, and that's incorporated by reference in the Northern District. Now, it charges one overall conspiracy to commit Hobbs Act robberies. And Mr. Lee and Mr. Long, they go to trial on that, and Mr. Lee gets acquitted of count one, but gets convicted of the racketeering conspiracy. And I point out, the racketeering conspiracy has all those multiple conspiracies as overt acts. They're charged, and a conviction for Hobbs Act conspiracy would include that activity. And because the government has separated the conspiracies, really what they've done is go further than authorized by Stokosia and all the other cases, saying you can charge a predicate act in other districts. What they've done is take one overall conspiracy and to break it up into little pieces so they could have multiple prosecutions. And that's why the standard review of this case should be the Stoddard case, because it really has to look at, well, if you have one conspiracy that's charged in the Northern District, and that's part of the racketeering charges, and it's actually charged as a substantive count against at least one of the defendants, but they're all conspirators. Can you take that overall conspiracy and go to another district and then charge multiple conspiracies that are part and parcel of this conspiracy? And my answer to that is no. What that does is subject the defendants to multiple prosecutions, multiple successive prosecutions, and violates the double jeopardy clause, taking it out of the normal situation where you have the predicate act can be tried in a different district. Do you have any cases in the RICO context that support the proposition you just argued? No, not directly on point. The closest case would be the Stoddard case, which basically talks about the RICO case. No, it's not a RICO case. The other cases are the same. I'm asking the government the same question, because I could not find an authorization of a follow-on after a RICO case that involved conspiracy. Have you? No, I have not been able to. I think this is a case of first impression in this district, or this circuit, rather. Your Honor, I've gone over my time. I think that the court, both judges who have asked questions, have put their finger around what the real issues in this case are. And I think that the answer lies in a case that the Supreme Court decided called Rutledge. I think, generally speaking, the proposition that the Ninth Circuit and other circuits have held is that there can be a RICO. Well, Rutledge was a CCE case, which is different. But it's similar in this sense, if you let me get to it. It is a CCE case. But what happens in Rutledge is that the person is prosecuted both for a 21 U.S.C. 846 conspiracy and for a 848 continuing criminal enterprise. And the court held that those two prosecutions, that the 846 was a lesser included offense of an 848, and that you can't be successively prosecuted for the 846. Now, I think what's significant about that case is that it speaks to the notion that you wouldn't apply a strict Blockberger test in making that analysis. Double jeopardy analysis. Because if one did, one would come to the conclusion that there was elements of a CCE that do not have to be proved for an 846. And therefore, there are different facts that have to be proved for the two offenses. And they would not be the same for double jeopardy purposes. There's a case that this court decided called Alerta that came up after that. And that talks about an 846 conspiracy and a 371 conspiracy. Again, generally speaking, two agreements. There are separate elements that would have to be proved for the two offenses because 846 does not require an overt act, whereas a 371 conspiracy does. So technically speaking, under a strict Blockberger analysis, there would be no double jeopardy there. I think that what this case presents is my client, John LeWong, was prosecuted for the RICO substantive and the RICO conspiracy. He is now being prosecuted for four conspiracies, no substantive acts, no substantive Hobbs acts, four conspiracies in the Eastern District of California that arose during the same period of time in which the indictment in the Northern District of California made it clear. There's no question that the RICO prosecution for RICO conspiracy is different from the Hobbs Act conspiracy. So are you talking about the same thing your co-counsel is talking about? Or are you talking about double jeopardy arising from the RICO conspiracy? I'm talking – well, what I'm saying, Judge, is that if you go back to the Supreme Court decision in Braverman, that is the genesis of our argument, which is that you cannot break up a single overall conspiracy. But what conspiracy are you saying was broken up, the RICO conspiracy or the predicate act Hobbs Act conspiracy? I would agree with what Mr. Boisseau said, that it is the overt – What's the answer? That it is the – that the clearest answer is the overt act – overt act one of the RICO substantive. It's not an overt act. It's a predicate act. I apologize. A predicate act, you're right, one of the RICO conspiracy, which is – of the RICO substantive, which is also incorporated by reference into the RICO conspiracy. What you're saying is that once charged as a predicate act to a RICO conspiracy charge or a substantive charge, that conspiracy can't then be charged identically or broken up later. I think that's right, Judge, and I don't think there's a – I mean, what do you base that argument on, given our law that a predicate act, whatever it is, can be separately and successively charged and prosecuted and punished? Well, I don't know that the Court has decided predicate act whatever it is. I don't think that this Court has decided the question of whether a conspiracy can be – can be broken up. I agree with you. I said given the law that we have got that says that you can separate, that the two are different, then what's the basis for your argument that the conspiracy matters? The argument would be that in analyzing, for purposes of double jeopardy, a conspiracy type analysis, one has to look at the stoddard factors that this Court has analyzed. And if one looks at that, one comes – in our opinion, as laid out in the briefs, that the factors are all in favor of the appellants in this case. The problem you get is that you're saying – I would guess that you'd have to say that the conspiracy that was charged as a predicate act, you could be prosecuted for again. And your objection is just that now it's been broken up. Is that correct? I don't believe that Mr. Lewong can be prosecuted for – I don't believe that Mr. Lewong can properly be prosecuted for any of the conspiracies that are within the case he went to trial for in the Northern District of California. That's where I think – So you've really got to deviate from the usual rule that you can be tried for a RICO conspiracy and then by – for the predicate act. To the extent that the predicate act is a conspiracy, that is part of the overall agreement of the overall conspiracy that one was tried for in the first prosecution. Did your research find any cases that attempted to marry Stoddard and Solano and Esposito in cases like that? No. No. Unless there are additional questions, I'll save whatever time I have left if any. Okay. Thank you. Mr. Lewong? Good morning, Your Honors. My name is William Wong, Assistant U.S. Attorney from the Eastern District of California. Eighty years is not enough, huh? Your Honor, that's not the issue because they committed a separate crime in the Eastern District. The victims in that jurisdiction has a right to seek justice before the court. The defendant – it's not a situation where the defendant has agreed to waive appeal in the Northern District because if they win that appeal, there would be no justice in the Northern District. We don't have that situation. I think what we must be clear about is that in the conspiracy in Count 1 and 2 in the Northern District, these are not the same individuals as those charged in the Eastern District except for John Lewong, Hong Ai Lei, Tai Chan. In the Northern District recall, they specify who the bosses were. Maddy Chan, they talk about Wei-Chi Lewong, and Bing-Yi Chen. Those individuals are not charged in the Eastern District. And what's most important in the Northern District indictment, when they talk about overall Hobbs conspiracy, they lay out which robberies they're talking about. They specify which ones they were. And none of those include the Eastern District indictment. And most importantly, nowhere in the 49 pages of the Northern District indictment – 49 pages – do they ever mention Phnom Penh, the murder case in Stockton. But the specific ones mentioned in the Northern District weren't exhaustive of the… It depends how you read it. Because if you read the enumerated robberies in there, our contention is that those are the robberies that are contending to be part of the overall conspiracy Hobbs Act in the predicate in Count 2. That's our position. The fact that they use the word overall does not define what occurs in the Eastern District. None of the evidence that came in in the Eastern District in the first robbery trial was ever included in the Northern District trial except for when Van D, one of the cooperators, talked about his involvement. And if you look at the appellant's brief, they were careful to couch that it was Van D who said his liability, his criminal liability, not John LeWong, not Hong Aile. So none of that evidence. This is a murder case. It is just absolutely ridiculous to conclude that the Northern District intended to cover the Phnom Penh murder case in their indictment. They don't put out any witnesses from the victims, no experts. We went a whole month of trial in the Eastern District on that one count alone. And they put on just two lines? That's unbelievable. This case is clearly governed by Blockberger. Blockberger sets the test. Stoddard does not apply here, is not impacted, because these are not the same statutes. You had a specific robbery, and the Northern District charged conspiracy with A, B, and C to commit that robbery. Could the Eastern District charge conspiracy with D, E, and F to achieve the same robbery? If I understand the Court, these are separate robberies? No, same robbery. I believe that in the Eastern District, you can charge conspiracy if it involves different individuals, a different agreement. I believe that is totally proper. If it's the same agreement involving the same parties, I think you cannot, because that would be the same crime. But here, we don't have that situation. We're talking a different conspiracy, different parties, different places. This is not even a closed case, in my opinion. The Northern District Conspiracy RICO Predicate Act does charge robberies, a series of robberies, and related crimes between two dates. Correct. Right? Uh-huh. And the dates charged in the Eastern District indictment are inside that bracket, are they not? That's correct. That's coincidental. Because if you take a look at Predicate Act 1 in Count 2 of the Northern District indictment, after they discuss Predicate Act 1, they go out, they went about and set forth all of the predicate acts, those robberies we're talking about, and then the heroin distributions in, I think, 9 through 15 or wherever that was. Is it the government's position that the Stoddard analysis does not apply to the RICO? Can I finish? Sure. I'm sorry. Does not apply to a RICO case? I think our position is that Stoddard does not apply when the statutes are different. Here, because the RICO has different elements and the Hobbs Act Conspiracy in the Eastern District have different elements, Stoddard is not impacted. What is it about the Hobbs Act that you have to prove that you don't have to prove for RICO? Well, in RICO, you have to prove a criminal enterprise. In Hobbs, you don't. Pardon? Say that again? I didn't hear your answer. In the RICO, you have to prove a criminal enterprise. In Hobbs Act, you do not. Right. But my question was, what do you have to prove for the Hobbs Act that you don't have to prove for RICO? The Blackberger test goes both ways. Each one has to have something that... I think in Hobbs, you have to prove... In RICO, you don't have to prove a robbery. In Hobbs, you have to prove a robbery. In this particular case, we charge it as a Hobbs Act robbery. So you have to prove the elements of that. In RICO, you don't have to prove a robbery. You can prove... Impact on interstate commerce, an element of RICO? Say again? Is impact on interstate commerce an element of RICO? I don't believe so, Your Honor. Is it of Hobbs? It is in Hobbs. It is in Hobbs. It is a requirement in Hobbs. I think the cases are clear that no extrinsic evidence or argument can suffice for the claim of double jeopardy. If the offense is based on the same... Unless the offenses are based on the same conduct, are not alleged in both indictments. And in this particular case, I think the clearest way to look at it is just to take a look at the two indictments, compare them. And you can see they are not charging the same offenses. But the problem arose because of the word overall Hobbs Act robbery. But again, without repeating, but I guess I am repeating. They specify in the Northern District which robberies they're talking about. And those are the only robberies which evidence was brought in. The robberies they talked about in the Northern District were never brought in in the Eastern District and vice versa. Excluding Van T and Van D's discussion about what he did as part of the Giglio information as to what type of plea agreement he received. And that's all that the defense can point to. That's the same question I asked your opposition. Have you found any cases, reported cases, in the Ninth Circuit or otherwise that have attempted to marry, if you will, the philosophy underlying Stoddard and the philosophy underlying Salerno, Esposito and that line of cases? No, Your Honor. Not only in this case I couldn't find it, but there's a subsequent related case in the Huichi Luang. In that case, we couldn't find it either. If there's anything further? Oh, I don't think so. Thank you, Your Honor. I believe we have a couple minutes for rebuttal, Your Honor. The answer to the question from Judge Hawkins is whether Hobbs Act and RICO both require an impact on interstate commerce. Clearly, this circuit and the U.S. Supreme Court have said both RICO and Hobbs Act need to show an impact on interstate commerce. It's an element of both crimes. There's no dispute in this circuit or the U.S. Supreme Court. The government's argument is premised on the evidence that there was no evidence regarding these robberies introduced in the Eastern District and Northern District. That is belied by the record. In this particular case, the government successfully argued to the District Court in the Northern District case that evidence regarding the Amador and the two DFI robberies were going to be admitted through the testimony of Van Dee. He didn't only testify regarding his involvement in those robberies. He testified regarding my client's involvement in the second DFI robbery and John Long's involvement in all three of the DFI robberies. Were the robberies that are charged in the Eastern District included within the conspiracy alleged as a predicate act and the RICO? No, they weren't. Other than being the overall Hobbs Act conspiracy, they weren't charged separately as separate predicate acts in the racketeering RICO. But the government argued successfully that they were part of the overall Hobbs Act conspiracy and, therefore, inextricably intertwined with the conduct. Therefore, they could have Van Dee testify regarding these robberies. And he testified as to these robberies. Now, the only reason he didn't testify regarding the NAMPIC robbery was the fact that the District Court judged that to be prejudicial and wasn't going to allow it in the Northern District case. Although the government's proffer was that was part and parcel of the overall conduct that they could introduce at time of trial. Going back to the original question, is this a case where just you can charge predicate acts in different districts? Well, this case has the twist that the overall Hobbs Act conspiracy, which includes the Eastern District, is charged as a subset of count against Van Dee. So it's clear what the government did was a charging manipulation. I mean, they knew that the venue or they had all the facts. They introduced the evidence regarding this overall Hobbs Act conspiracy. And then they break it up in the Northern District after the five month Northern District trial and say, oh, we can also charge this. But it's clear from the evidence, from the dates of the indictment, all the standards that we look at, the stoddard analysis, that it is the same overall Hobbs Act conspiracy that was charged in the Northern District. And the government and what the government is asking is saying, well, we can charge that, but we can manipulate it. Is your argument the same if the government had not included predicate act number one, but had charged count three against D? Is that what you're saying? Well, I'm saying that they charged it against all defendants as a predicate act, which had to be. I know that. But I'm asking you as I heard you putting a lot of emphasis on the fact that they had charged the same. Conspiracy against D and count three. Right. Would that be enough? I think I submit that's enough. That's enough because the presence of the predicate act. Well, but you have to look at it in conjunction with the predicate. OK. And because it is not just I mean, it is. I don't understand that. I mean, can't the government decide who to prosecute when? Well, for a lot of reasons, like five months is enough. And we'll start over. If they just would have charged the count three and not the overt, not the predicate act. We would not have a double jeopardy. We would not have a double jeopardy. But because they charged it against all defendants in the predicate act number one and then and clearly knew it was the same conspiracy by charging this count three against Van D. That is the problem. And that implicates a double jeopardy clause. Can I get two seconds to make a reference to the record? You have it. Thank you. If the court looks at the excerpt of record that Huang Ai Lei filed at page 89, I think it's actually if you read through 85 through 100, that's the testimony of Van D. And he did testify extensively. But there was other evidence introduced in the Northern District of California about the DFI robberies. The owner of the store testified. The maintenance person who had been kidnapped and was subject during one of the attempts testified. There was substantial testimony put on with regard to those, both the DFI attempts. And also there was testimony that Van D. gave that Amador was a was a which is one of this. One of the conspiracies in the Eastern District was also a conspiracy that he and John Wong entered into. The only area in which that came in as part of the plea bargain and the benefits that Van D. was getting was the Stockton jewelry robbery that the Penan fish jewelry robbery. In that case, the government had argued that it was part of the conspiracy and Judge Patel didn't disagree. She said, however, that given the explosive nature of it and that not all of the defendants in this case were involved in it, she exercised her discretion under 403 to keep out that evidence at the trial. And that's why it didn't come in. But it wasn't that the government took the position well or that the judge accepted the position. It's not part of this conspiracy. Thank you. All right. Thank you, counsel. The matter just argued will be submitted and will next to your argument in United States v. Sanders. Thank you.
judges: Canby, Rymer, Hawkins